OPINION
 "THE TRIAL COURT ERRED IN FINDING THE APPELLANT A SEXUALLY ORIENTED OFFENDER AND IN DENYING THE APPELLANT'S MOTION TO BE SENTENCED PURSUANT TO SENATE BILL 2 AND OHIO REVISED CODE 2921.34."
The following facts are relevant to this appeal. On June 27, 1997, appellant was indicted on one count of escape in violation of R.C. 2921.34(A); two counts of aggravated burglary in violation of R.C. 2911.11(A)(3); one count of felonious sexual penetration in violation of R.C. 2907.12(A)(1)(c) and/or R.C.2907.12(A)(2); and one count of gross sexual imposition in violation of R.C. 2907.05(A)(1)(5). The acts leading to the indictment occurred in 1995 when appellant was a juvenile. Appellant had been placed in detention following his arrest in 1995, but, after a court appearance, he escaped. In 1997, while in a penitentiary in Indiana, appellant requested that he be brought to Ohio to face the above outstanding charges.
Appellant entered pleas of not guilty on June 30, 1997. In an August 29, 1997 judgment entry, the court noted that in exchange for the dismissal of two counts of aggravated burglary and one count of gross sexual imposition, appellant pled guilty to one count of escape and one count of felonious sexual penetration. The trial court denied appellant's motion to be sentenced pursuant to Senate Bill 2 and also denied appellant's pleading captioned "OBJECTION TO ANY HEARING CLASSIFICATION PURSUANT TO O.R.C. §§ 2950.01-2950.99." On September 29, 1997, the trial court conducted a sexual predator hearing pursuant to R.C. 2950.09 and found appellant to be a sexually oriented offender[1], not a sexual predator. Appellant was sentenced to four to fifteen years on the escape count and eight to twenty-five years on the felonious sexual penetration count. Appellant was informed of the applicable statutory post-detention registration requirements.[2] Appellant filed his notice of appeal on October 28, 1997.
In his assignment of error, appellant first argues that he should have been sentenced under Senate Bill 2. This court finds no merit in this argument.
Upon the authority of State v. Mills (Aug. 29, 1997), Wood App. No. WD-97-012, unreported, this court finds appellant's argument not well-taken.
Appellant also argues in his assignment of error that the application of R.C. Chapter 2950 to him is a violation of Section 28, Article II, Ohio Constitution, which precludes the Ohio General Assembly from enacting retroactive laws,[3] and a violation of the Ex Post Facto Clause of Section 10, Article I, United States Constitution.[4] Appellant argues that he should not have been classified as a sexually oriented offender subject to post-detention registration requirements. This court finds merit in appellant's argument.
Upon the authority of State v. Gonyer (June 26, 1998), Wood App. No. WD-97-062, unreported, this court finds appellant's argument well-taken. The application of R.C. Chapter 2950 to conduct prior to the effective date of the statute violates Section 28, Article II, Ohio Constitution because it constitutes a retroactive application of the law.
Accordingly, appellant's single assignment of error is found not well-taken to the extent that the trial court did not err in not sentencing appellant under Senate Bill 2. Appellant's single assignment of error is found well taken to the extent that the trial court erred in applying R.C. Chapter 2950 to appellant and conducting a sexual predator hearing pursuant to R.C. 2950.09.
On consideration whereof, the court finds that substantial justice has not been done the party complaining. The judgment of the Huron County Court of Common Pleas is affirmed, in part, and reversed, in part and remanded for proceedings consistent with this opinion. Court costs of this appeal are divided equally between the parties.
Finding that the case sub judice and State v.Lance,(Feb. 13, 1998), Hamilton App. Nos. C-970301, C-970282, C-970283, unreported; State v. Kimble, (Feb. 4, 1998), Lorain App. No. 97CA006730, unreported; and State v. Lyttle, (Dec. 22, 1997), Butler App. No. CA97-03-060, unreported, render conflicting judgments on the issue of the constitutionality of R.C. Chapter 2950, this court certifies the record of the instant case to the Supreme Court of Ohio for review and final determination.
Finding further that the case sub judice and State v. Toler (Sept. 19, 1997), Hamilton App. No. C-960835, unreported, render conflicting judgments on the issue of sentencing under Amended Senate Bill 2, this court certifies the record of the instant case to the Supreme Court of Ohio for review and final determination.
 JUDGMENT AFFIRMED IN PART, JUDGMENT REVERSED IN PART.
 Peter M. Handwork, P.J.
 George M. Glasser, J.
 Richard W. Knepper, J.
CONCUR.
[1] As part of House Bill 180, Ohio's sexual predator law, effective 1-1-97, a "sexually oriented offender" is one who is convicted of or pleads guilty to a sexually oriented offense but is not adjudicated or determined by the sentencing court to be a sexual predator [R.C. 2950.01 (E)] or a habitual sex offender [R.C. 2950.01 (B)].
R.C. 2950.01 (B) provides the following definition:
 "`Habitual sex offender' means a person who is convicted of or pleads guilty to a sexually oriented offense and who previously has been convicted of or pleaded guilty to one or more sexually oriented offenses."
R.C. 2950.01 (E) provides the following definition:
 "`Sexual predator' means a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses."
The prior version of 2950.01(A) provided the following definition:
 "`Habitual sex offender' includes any person who is convicted two or more times, in separate criminal actions, for commission of any of the sex offenses set forth in division (B) of this section. Convictions which result from or are connected with the same act, or result from offenses committed at the same time, shall be counted for the purpose of this section as one conviction. Any conviction set aside pursuant to law, is not a conviction for purposes of this section."
[2] Other provisions of H.B. 180, that became effective July 1, 1997, require sexual offenders to register within seven days of establishing residence in the county in which they reside, or in which they are temporarily domiciled for more than seven days, with the county sheriff and then to verify their residential address annually for ten years. R.C. 2950.04, R.C. 2950.05, R.C.2950.06, and R.C. 2950.07.
[3] A retroactive law attaches new legal consequences to events completed before its enactment. Such laws are invalid under the Ohio Constitution.
[4] The Ex Post Facto Clause of the United States Constitution prohibits the retroactive application of a law that "inflicts a greater punishment, than the law annexed to the crime, when committed." "The focus of the ex post facto inquiry is not on whether a legislative change produces some sort of `disadvantage,' * * * but on whether any such change alters the definition of criminal conduct or increases the penalty by which a crime is punishable." California Dept. of Corrections v. Morales
(1995), 115 S.Ct. 1597, 1602, n. 3, citing Collins v. Youngblood
(1990), 110 S.Ct. 2715, 2718.